IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RASHUN JOHNSON,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:25-CV-00411-CAR-CHW |
| Sheriff **MATTHEW MOULTON,** | : | |
| | : | **PROCEEDINGS UNDER 28 U.S.C. § 2241** |
| Respondent. | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Petitioner Rashun Johnson, a pre-trial detainee in the Houston County Jail in Perry, Georgia, has filed a petition for federal habeas corpus relief. ECF No. 1. Petitioner seeks leave to proceed *in forma pauperis*. ECF No. 2. Petitioner has not, however, provided the Court with "a certificate from the warden or other appropriate officers of the place of petitioner's confinement showing the amount of money or securities that the petitioner has in any account in the institution." Habeas Corpus R. 3(a)(2). Without this, the Court cannot determine if Petitioner qualifies to proceed without payment of the $5.00 filing fee. Therefore, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order either to submit the required $5.00 filing fee or to submit a certified account statement from the jail showing his previous transactions and the amount of money he has in his account.

Moreover, it does not appear that Petitioner has attempted to challenge his pre-trial incarceration and/or any decisions or actions of the state court in any procedural manner in

the state courts prior to the filing of his present petition for federal relief. *See* ECF No. 1. Instead, it appears that Petitioner has only made requests to his public defender and possibly to the district attorney to get him a bond on his charges and to get him a "fast and speedy trial". *Id*. at 2, 6-8. Nowhere does Petitioner show that he has filed a petition for writ of habeas corpus in the Georgia state courts concerning his pretrial incarceration. *See id.*; *see also e.g., Mullinax v. State,* 271 Ga. 112 (1999); *Hughes v. Coursey*, No. CV 110-077, 2010 U. S. Dist. LEXIS 86078 At *4-*5 (S.D. Ga, July 27, 2010) (citing *Mullinax,* 271 Ga. at 112 and *Bozzuto v. State*, 276 Ga. App. 614 (2005)) ("In Georgia, the proper method for challenging pre-trial detention . . . is a state petition for writ of habeas corpus").

Petitioner is hereby advised that he must exhaust all available state court remedies before he may go forward with an application for habeas corpus in federal court. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 489-92 (1973) (addressing issue raised in §2241 petition only after concluding the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases," including those brought under §2241). Indeed, to properly exhaust, Petitioner must also present his claims to the highest court in the state, either on direct appeal or state collateral review, even if the review in the state supreme court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

2

appellate review process."); *Pope v. Rich*, 358 F3d 852, 854 (11th Cir. 2004) (per curiam) (citations omitted) (holding that a petitioner fails to "exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition"). "Plainly, the purpose of the exhaustion requirement is to afford the state court 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Johnson v. Fla.*, 32 F.4th 1092, 1096 (11th Cir. 2022) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "The exhaustion doctrine was crafted on federalism grounds to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Id.* (citing *Braden*, 410 U.S. at 490–91).

    Petitioner has not demonstrated that he has pursued and exhausted his state court remedies, and thus his present federal petition is subject to dismissal. *Johnson*, 32 F.4th at 1095-96 (citations omitted) ("It is by now well established that a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies."). If Petitioner has not yet exhausted his state remedies as the Court presently surmises, he can request that this action be dismissed without prejudice to allow for such state court exhaustion.[1] If Petitioner has pursued his superior court and/or state appellate court

---

[1] Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment…". Thus, Petitioner may file with this Court a request for voluntary dismissal so that he may then pursue his state remedies and this Court would dismiss Petitioner's action without prejudice.

3

remedies and wishes to proceed with a federal habeas action then he is **ORDERED** to recast his Petition on the Court's standard form for § 2241 habeas actions within **FOURTEEN (14) DAYS** from the date shown on this Order and include detailed information regarding any motions, appeals, and/or state habeas petitions that he has filed in any superior court, the Georgia Court of Appeals, the Supreme Court of Georgia, or any other appellate court, the case numbers of each, the dates of their dispositions, and the outcome of each case.

## CONCLUSION

In order to proceed with this civil action, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) recast his Petition on the Court's standard form as instructed above and (2) either pay the $5.00 filing fee or submit a certified account statement from the jail showing his previous transactions and the amount of money he has in his account. Petitioner must keep the Court advised of any change of address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

The Clerk is **DIRECTED** to mail Petitioner the standard § 2241 petition form along with a copy of the standard motion to proceed without prepayment of fees affidavit and account certification form, marked with the case number for the above-captioned action.

**SO ORDERED and DIRECTED**, this 22nd day of October, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge

4